UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PEDERSIN PELISSIER,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
VINCENT KENNEDY (tax # 950673), POLICE OFFICER
MICHAEL FODER (tax # 946997), POLICE OFFICERS
JOHN DOES 1-3,

                                          Defendants.

**FIRST AMENDED COMPLAINT**

CV 13 6506 (RRM) (MDG)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action against the City of New York and several New York City Police Officers alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by falsely arresting him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.  This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest and vicarious liability which form part of the same case and controversy as his federal claim under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in and subject to personal jurisdiction in this District and because the incident in question occurred in this District.

### JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

### NOTICE OF CLAIM

6. In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

7. Plaintiff testified at a 50-h hearing.

8. This action is brought within one year and ninety days of the arrest of plaintiff.

### PARTIES

9. Plaintiff is a resident of the State of New York, County of Kings.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

### STATEMENT OF FACTS

12. On September 7, 2013, at 5:00 p.m., plaintiff's completed his shift at work and headed home to Brooklyn.

13. On his way home, plaintiff stopped at a Crown Fried Chicken located near his home in Brooklyn to purchase dinner.

14. After purchasing dinner, plaintiff encountered some of his friends on the street and decided to sit down and talk with them as he ate dinner.

15. Plaintiff sat down on the steps of an apartment building located on East 22nd Street between Newkirk and Ditmas Avenues.

16. Although plaintiff was obeying the law and not acting in a suspicious manner, at approximately 6:00 p.m., Police Officer Vincent Kennedy, Police Officer Michael Foder, and other officers of the 70th Precinct approached plaintiff and others in the vicinity and searched them.

17. The defendants arrested plaintiff and others and charged them with possession of marijuana.

18. At no time that day had plaintiff smoked marijuana or had marijuana in his possession.

19. Plaintiff was put in a police van and driven around parts of Brooklyn for hours as the defendants searched for other people to arrest.

20. Plaintiff was eventually brought to the 70th Precinct.

21. While plaintiff was in custody at the 70th Precinct, Officer Kennedy, acting in concert with other officers including Officer Foder, falsely charged plaintiff with possession of marijuana alleging that he observed plaintiff in possession of marijuana which he recovered from the ground where he observed plaintiff drop it.

22. On September 8, 2013, at approximately 3:00 a.m., Officer Kennedy released plaintiff from the 70th Precinct with a desk appearance ticket directing plaintiff to appear in criminal court on October 18, 2013.

23. Plaintiff appeared in court on October 18 and the marijuana charge was adjourned in contemplation of dismissal.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately nine hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment and humiliation.

## FIRST CLAIM

### (FALSE ARREST UNDER THE FOURTH AMENDMENT)

25. Plaintiff repeats the foregoing allegations.

26. At all relevant times, plaintiff did not commit a crime or violation.

27. Despite plaintiff's innocence, the defendants arrested plaintiff.

28. Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

29. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (FAILURE TO INTERVENE UNDER THE FOURTH AMENDMENT)

30. Plaintiff repeats the foregoing allegations.

31. All of the officers at the scene of plaintiff's arrest had a reasonable opportunity to prevent the violation of plaintiff's constitutional right to be free from false arrest, but they failed to intervene.

32. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for failing to take steps to prevent his false arrest.

### THIRD CLAIM

### (FALSE ARREST UNDER NEW YORK STATE LAW)

33. Plaintiff repeats the foregoing allegations.

34. At all relevant times, plaintiff did not commit a crime or violation.

35. Despite plaintiff's innocence, the defendants arrested plaintiff.

36. Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

37. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

### FOURTH CLAIM

### (VICARIOUS LIABILITY UNDER NEW YORK STATE LAW)

38. Plaintiff repeats the foregoing allegations.

39. Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

40. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

   a. Compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. Attorney's fees and costs;

      d.    Such other and further relief as the Court may deem just and proper.

DATED:   April 3, 2014

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)